UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. GAMBOA, ET. AL.,<br><br>　　　　Defendants. | No.  1:20-cv-00794-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO SUPPRESS<br><br>(Doc. No. 11) |

Plaintiff Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(B)(1)(B) and Eastern District of California Local Rule 302.

On June 24, 2020, the previously assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma* pauperis be denied under 28 U.S.C. § 1915(g) and that he be directed the pay the full filing fee. (Doc. No. 4). Plaintiff filed objections to those findings and recommendations in July 2020. (Doc. No. 5).  The district court adopted the findings and recommendations in full on October 19, 2020, ordered plaintiff to pay the filing fee within twenty-one days of the order, and warned him that his failure to timely pay the filing fee would result in dismissal of the action. (Doc. No. 6 at 2).

/////

On August 2, 2021, plaintiff moved for reconsideration of the court's October 19, 2020[1] order. (Doc. No. 11). In sum, plaintiff argues that the Three Strikes Rule is unconstitutional and impedes his right to access to the courts under the First Amendment to the United States Constitution. (*Id.* at 1–3). Plaintiff also requests that the court "suppress" the Three Strikes Rule because it was enacted without due process. (*Id*. at 3).

Federal Rule of Civil Procedure 60(b) governs the reconsideration orders of the district court. Rule 60(b) permits a district court to relieve a party from an order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." To succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).

Here, plaintiff's motion for reconsideration was filed approximately ten months after the issuance of the order he now challenges. In the motion for reconsideration, plaintiff raises

---

[1] It appears Plaintiff motion for reconsideration contains a typographical error regarding the date of the order he wishes to challenge. (Doc. No. 11 at 1). Plaintiff appears to inadvertently refer to the order as dated October 9, 2020 instead of the correct date of October 19, 2020. (*Id.*). The undersigned reviewed the docket and confirmed there is no October 9, 2020 order.

arguments similar to those he advanced in his objections to earlier findings and recommendations. (*Compare* Doc. No. 5 at 1-2 *with* Doc. No. 11 at 1-3). Among other things, plaintiff argued in his objections the Prison Litigation Reform Act infringes on his First Amended rights. (Doc. No. 5 at 2). The undersigned previously reviewed those objections and nevertheless adopted the findings and recommendations in full. Plaintiff's pending motion does not provide any new or different facts, circumstances, or law to justify the court's reconsideration of its prior order. Accordingly, plaintiff's Rule 60(b) motion for reconsideration and motion to suppress (Doc. No. 11) are hereby denied in their entirety.

IT IS SO ORDERED.

Dated:   **November 17, 2021**

UNITED STATES DISTRICT JUDGE